IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-HC-2159-D

| | |
|---|---|
| WILLIAM B. HALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On August 16, 2011, William B. Hall ("Hall" or "petitioner"), a federal prisoner in the custody of the Bureau of Prisons ("BOP"), filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, along with several exhibits. Pet. [D.E. 1]. On October 20, 2011, Hall filed a motion for injunctive relief. Mot. [D.E. 2]. On November 4, 2011, Hall filed a memorandum in support of his petition [D.E. 3]. On March 27, 2012, Hall moved for a status update [D.E. 4]. The matter is before the court for a preliminary review pursuant to 28 U.S.C. § 2243. For the reasons explained below, the court dismisses the petition for a writ of habeas corpus, the motion for injunctive relief, and the motion for a status update.

Hall alleges that he has been denied medical treatment in violation of the Eighth Amendment of the United States Constitution. Specifically, Hall alleges that he suffers from "end-stage liver disease," and that because of his inability to obtain treatment while incarcerated, he is now "too advanced in his disease for any form of medical intervention including interferon chemotherapy" or a liver transplant. Pet. 2; see also [D.E. 3] 1–2. Hall seeks his release from BOP custody "so that he may resume his Liver Transplant at Georgetown University Medical Center . . . (OR)" an injunction "to . . . re-list[] [Hall] with a UNOS certified transplant clinic . . . ." Pet. 20.

Hall's claim is not cognizable in a petition for writ of habeas corpus because he is not

challenging the execution of his sentence. In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court held that a writ of habeas corpus is the exclusive remedy for inmates seeking release from their confinement. Id. at 500. Thus, a state prisoner may not use 42 U.S.C. § 1983 and a federal prisoner may not use Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), to seek release from unconstitutional confinement. See Preiser, 411 U.S. at 500. On the other hand, when an inmate challenges his conditions of confinement, whether seeking monetary or injunctive relief, the inmate may bring his claim pursuant to either 42 U.S.C. § 1983 (if a state prisoner) or Bivens (if a federal prisoner). See, e.g., Nelson v. Campbell, 541 U.S. 637, 643 (2004); Muhammad v. Close, 540 U.S. 749, 750–51 (2004) (per curiam); Preiser, 411 U.S. at 494, 498–99; Strader v. Troy, 571 F.2d 1263, 1269 (4th Cir. 1978).

An action may be a hybrid of habeas and Bivens when an inmate "seek[s] relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement." Muhammad, 540 U.S. at 751; see Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) ("[H]abeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement."). Here, success on the merits of Hall's Eighth Amendment claim would not invalidate his conviction. Therefore, this action is not the type of hybrid action discussed in Muhammad and Wilkinson.

To the extent Hall seeks outright release from incarceration,

> [a]s release is not available under Bivens, [a] habeas corpus petition would be proper if release were among the possible remedies for an Eighth Amendment deliberate indifference claim. Unfortunately for [petitioner], it is not. If an inmate established that his medical treatment amounts to cruel and unusual punishment, the appropriate

2

remedy would be to call for proper treatment, or to award him damages; release from custody is not an option.

Glaus v. Anderson, 408 F.3d 382, 387 (7th Cir. 2005) (collecting cases); see also Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011) (noting that equitable relief is unavailable under the Federal Tort Claims Act), cert. denied, 132 S. Ct. 397 (2011); cf. Parker v. Hickey, No. 10-CV-392-JMH, 2011 WL 839563, at *5–7 (E.D. Ky. Mar. 7, 2011) (dismissing a Bivens action seeking release based on the BOP's inability to provide proper medical care because, "[p]roperly viewed, this is not a challenge to the BOP's execution of [the plaintiff's] sentence, but a direct challenge to his sentence of incarceration itself."). Accordingly, the action is not appropriate under 28 U.S.C. § 2241.

To the extent Hall seeks an order compelling medical treatment, such a claim is cognizable under either Bivens or the Federal Tort Claims Act ("FTCA"). Hall is pursuing his claim for medical treatment pursuant to the FTCA in another action pending in this district. Hall v. United States, No. 5:10-CT-3220-BO (E.D.N.C.).[1] "Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e). Generally, a lawsuit is duplicative of another one if the parties, issues and available relief do not significantly differ between the two." Cottle v. Bell, 229 F.3d 1142, 2000 WL 1144623, at *1 (4th Cir. Aug. 14, 2000) (per curiam) (unpublished table decision) (citations omitted); see I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551–52 (11th Cir. 1986) (collecting cases). Thus, the court concludes that dismissal of this petition without prejudice is appropriate. See, e.g., Harrison v. South Carolina, 126 F. App'x 100, 101 (4th Cir. 2005) (per curiam) (unpublished); Powell v. Warden, Madison Corr. Inst., No. 1:11-cv-162, 2011 WL 2848331, at *1 (S.D. Ohio June 22, 2011), M&R adopted, No.

---

[1] In that action, Hall "concede[d] that he has stated no claim for which relief can be granted under Bivens and, thus, has withdrawn that claim." Hall, No. 5:10-CT-3220-BO, [D.E. 15] 1 (E.D.N.C. Sept. 13, 2010) (unpublished) (order transferring action).

1:11-CV-00162, 2011 WL 2848268 (S.D. Ohio July 19, 2011); Crowe v. S.C. Dep't of Corr./Classification, C/A No. 4:08-2551-CMC-TER, 2008 WL 4924805, at *3 (D.S.C. Nov. 13, 2008) (unpublished).

Finally, as for Hall's motion for injunctive relief, Hall seeks "a restraining order preventing the Bureau of Prisons from transfer[r]ing him to another institution within the system." Mot. 1. However, a prisoner has no right to a specific custody classification, to a transfer, to a non-transfer, or to work release. See, e.g., O'Bar v. Pinion, 953 F.2d 74, 83–84 (4th Cir. 1991); Hall, No. 5:10-CT-3220-BO, [D.E. 25] 2 (E.D.N.C. Nov. 17, 2011) (unpublished) (denying a similar motion). Therefore, the court denies Hall's motion.

In sum, the court DISMISSES Hall's petition [D.E. 1] without prejudice, DENIES Hall's motion for injunctive relief [D.E. 2], and DISMISSES AS MOOT Hall's motion for a status update [D.E. 4]. The Clerk of Court shall close the case.

SO ORDERED. This 10 day of April 2012.

JAMES C. DEVER III
Chief United States District Judge